**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: July 2 2019

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 18-33150 |
| | ) | |
| Lydell Hollinger, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | Judge John. P. Gustafson |

### ORDER GRANTING MOTION FOR FILING FEE REFUND

This case came before the court for hearing on July 2, 2019 on Debtor Lydell Hollinger's ("Debtor") Motion for Refund of Filing Fee ("Motion"). [Doc. #35]. In his Motion, Debtor requests a refund of the $260.00 fee he paid when he filed his Motion to Reopen Chapter 7 Case. Debtor argues that, because the court denied the Motion to Reopen as unnecessary and directed Debtor to file a Motion to Reinstate instead, a refund is warranted. For the following reasons, the court will grant Debtor's Motion.

The current version of the Fee Compendium squarely addresses the issue before the court. First, the court notes that the Fee Compendium contains the fee policies of the Judicial Conference of the United States and is binding on this court. *See*, *In re Fletcher*, 2012 WL 3133931 at *1, 2012 Bankr. LEXIS 3574 at *2 (Bankr. N.D. Ohio August 1, 2012)(describing the binding nature of the fee rules contained in the Fee Compendium).

Paragraph 8 of Part A, found on page 16 of the current version of the Fee Compendium,[1] provides that "the clerk must refund any fee collected without authority. For example, the clerk has no authority to collect a fee to reopen a case unless the case is closed. Consequently, the clerk must refund a fee to reopen if the parties discover later that the case was open."

The Fee Compendium's illustrative example tracks precisely with what occurred here. The Debtor's case was dismissed on February 11, 2019 for failure to pay what then remained of the Chapter 7 case filing fee. [Doc. #18]. Presumably because he thought his case was closed, the Debtor filed a Motion to Reopen on March 1, 2019 and paid the corresponding filing fee of $260.00. [Doc. #23]. The court denied Debtor's Motion to Reopen because a review of the docket revealed that the case was not closed at that time. [Doc. #24].

The debtor paid $260.00 to reopen a case that had not yet been closed. Accordingly, the clerk had no authority to collect that $260.00. Thus, pursuant to the fee policies of the Judicial Conference of the United States, the court must refund that amount to the Debtor.

Wherefore, for all of the reasons stated herein,

**IT IS ORDERED** that Debtor Lydell Hollinger's Motion for Refund of Filing Fee [Doc. #35] be, and hereby is, **GRANTED**. The Debtor's refund in the amount of $260.00 shall be processed electronically.

---

1/ The current version of the Fee Compendium can be found at https://www.ohnb.uscourts.gov/file-list/fee-compendium-0.